PEOPLE v. BEELER.

1. Criminal Law—Pandering—Evidence.

In prosecution under information charging appellant and two others with pandering, evidence was sufficient to sustain jury's verdict convicting appellant (Act No. 328, § 455, Pub. Acts 1931).

2. Same—Pandering—Evidence—Telephone Conversation.

In prosecution for pandering it was not error to permit prostitute to testify as to telephone conversation pertaining to arrangements being made between codefendant who pleaded guilty and appellant where witness heard both ends of such conversation (Act No. 328, § 455, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Gordon (Arthur E.), J. Submitted April 13, 1944. (Docket No. 69, Calendar No. 42,584.) Decided May 17, 1944.

Blane Beeler was. convicted of pandering. Affirmed.

*Samuel L. Weller (Carroll C. Grigsby,* of counsel), for defendant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *George Beauchamp* and *Harold Helper,* Assistant Prosecuting Attorneys, for the people.

Reid, J. The prosecution in this case is brought under the Michigan penal code, Act No. 328, § 455, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–455, Stat. Ann. § 28.710), as to count 1, and as to count 2, under Act No. 328, § 457, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–457, Stat. Ann. § 28.712), the first section pertaining to pandering and the second to acceptance of proceeds of prostitution.

The claim of the prosecution under the first count under section 455 is that the three defendants, Bernice Lane, William Lane and Blane Beeler, the last being the appellant, on February 11, 1943, in the city of Detroit did encourage Louise Young to become a prostitute. The second count under section 457 charges the defendants received proceeds of prostitution of Louise Young.

Louise Young, after reciting her various employments, some of which were of doubtful moral character, testified that she was at the residence of defendants Lane some time about 2 o'clock in the morning of February 11, 1943, and went with Mrs. Lane to room 111 of the Field hotel; that no one other than defendant Beeler, the bellhop, was there; that he told her to come with him; that while Mrs. Lane stayed in room 111, witness went with Beeler

.to a room on the second floor; that before she went in he told her to ask for $5 and that she was supposed to have sexual intercourse; that she did have sexual intercourse with a man in that room for which she received $5; that when she came out of the room the defendant was standing beside the door, and took her downstairs; that she gave the $5 to him and he did not give her back any part of it; that he took her to a room on the fourth floor, told her to ask for $10 and said that there was a man in there; that she went in, had an act of sexual intercourse with that man also, for which she received $10; that when she came out defendant Beeler was in the elevator; that she gave him $4 out of the $10; that out of the $15 which she had received up to this point she gave Beeler $9, and that the defendants Lane shared in the proceeds. She also testified that she had never before committed any act of prostitution.

Defendant Bernice Lane pleaded guilty.

The jury found defendant Beeler guilty under the first count. They must have believed the testimony of Louise Young. Considering all the testimony in the case, there is a sufficient basis for the jury's verdict.

Error is assigned on the matter of a telephone conversation testified to by Louise Young. Her testimony was that she went to the residence of defendants Lane and that some time after 2 o'clock in the morning Mrs. Lane called the Field hotel on the telephone.

"*Q.* Did she call the Field hotel?

"*A.* Yes.

"*Mr. Pliskow:* I am going to object to that; she can't testify to what somebody did on the telephone, or where she called.

"*The Court:* She can testify whether or not the telephone was answered.

"*Mr. Pliskow:* Yes, but that is as far as she can go.

"*Q.* Who went to the telephone?

"*A.* Bernice Lane.

"*Q.* Did you hear her talk to somebody over the telephone?

"*A.* Yes.

"*Q.* Will you tell the court and jury what she said over the telephone?

"*A.* She asked the bellhop at the Field hotel—

"*Mr. Pliskow:* I am going to object to that.

"*The Court:* This witness doesn't know to whom she was telephoning."

Whereupon questions were asked and answers given indicating that Louise Young heard both ends of the telephone conversation, and that she could hear the response from where she was.

"*Q.* Tell us what that conversation was. You say she asked, Mrs. Lane asked somebody if they could talk?

"*A.* Yes.

"*Q.* Did you hear what the answer was?

"*A.* Yes."

She testified further that the party on the other end of the telephone told Mrs. Lane to call the booth number and that she heard the person who was calling tell her (Bernice Lane) to get a cab and come down there. Prejudicial error was not committed by the court in the above rulings.

The foregoing rulings dispose of the questions involved in the appeal as stated in appellant's brief and we find no reversible error in that respect.

Conviction affirmed.

North, C. J., and Starr, Wiest, Butzel, Bushnell, Sharpe, and Boyles, JJ., concurred.